UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

EDWIN GRANT,

                Plaintiff,                      **MEMORANDUM, JUDGMENT & ORDER**
                                                              09-CV-1051 (JBW)

              -against-

STEVEN L. HUBERT;
JOSEPH OSTROWSKY;
HUBERT LAW FIRM,

              Defendants.

----------------------------------------------------------x

WEINSTEIN, United States District Judge.

Plaintiff, currently incarcerated at Upstate Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint for the following reasons.

## BACKGROUND

Plaintiff alleges that he retained attorney Steven Hubert to represent him in a criminal action for a fee of $35,000.00. Complaint, Statement of Claim at 4. Mr. Hubert subsequently retained another attorney Joseph Ostrowsky, which plaintiff alleges was without his family's consent. Plaintiff states that prior to jury selection, Mr. Hubert informed plaintiff that the money was exhausted, and that in order to take the case to trial, plaintiff had to pay Mr. Hubert an additional $20,000.00. Plaintiff alleges that at trial, Mr. Hubert "appeared to be confused as well as unprepared. He also show[ed] that he was very unfamiliar with the case as well as felony legal proceedings." Id. At the conclusion of the trial, Mr. Hubert told plaintiff that he was owed an additional $60,000.00, in legal fees. Plaintiff further alleges that Mr. Hubert has filed suit against plaintiff's mother in an attempt to recover payment in the amount of $60,000.00.



1

Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); see also McEachin v. McGuinnis, 357 F.3d 197, 200-201 (2d Cir. 2004). Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

## DISCUSSION

A claim for relief under Section 1983 must allege "the deprivation of a right secured by the Constitution or laws of the United States . . . which has taken place under color of state law." Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. Brentwood Academy v. Tennessee, 121 S.Ct. 924, 935 (2001); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

It is well settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law. Polk County v. Dodson, 454 U.S. 312, 319 (1981); Brown v. Nassau County, No. 05 CV 872 (ADS), 2005 WL 1124535, at *2 (E.D.N.Y. May 09, 2005); Brooks v. New York State Supreme Court, No. 02 CV 4183 (RR), 2002 WL 31528632, at *3 (E.D.N.Y. Aug. 16, 2002). Furthermore, "Section 1983 'was enacted

to redress civil rights violations by persons acting under color of State law' and should not be used by clients disappointed with the performance of their attorneys." Brooks, 2002 WL 31528632, at *3 (quoting Mitchell v. Cohen, No. 90-CV-1836, 1990 WL 100254, at *1 (E.D.N.Y. Jun. 13, 1990)).

## SCREENING STATUTE

The screening statute refers only to cases against "a governmental entity or officer or employee of a governmental entity." While the plaintiff is suing private attorneys, it can only be on the theory that they are agents of the United States, and that Section 1983 (suits for actions taken under color of state law) is applicable.

The statute reads as follows:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress *from a governmental entity or officer or employee of a governmental entity.*
>
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> **(2)** seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A (emphasis added).

This is an anomaly since the screening statute applies to cases against United States agents, but here the defendants are not agents of the United States. Nevertheless, for the purposes of screening, they can be deemed to be alleged United States agents since the case is brought under Section 1983.

3

The court notes that there appears to be no diversity jurisdiction in this case, see 28 U.S.C. § 1332, and no federal question is raised by the complaint, see 28 U.S.C. § 1331. This court lacks the power to act in this case.

Accordingly, the claims against defendants are dismissed. Any complaint that plaintiff has about the alleged misconduct of defendants may be addressed to the Grievance Committee of the appropriate State Appellate Division. This dismissal does not preclude plaintiff from bringing suit in state court for the return of fees or raising a counterclaim against the defendants in a case brought against the plaintiff or a family member. The court is not in a position to advise plaintiff with respect to procedures.

## **CONCLUSION**

For the reasons stated above, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B). The court does not certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *In forma pauperis* status is granted for purposes of an appeal. See discussion of screening statute, above.

SO ORDERED.

JACK B. WEINSTEIN
Senior United States District Judge

Dated: March 20, 2009
   Brooklyn, New York